IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMION DAVIS, | : | |
|     Plaintiff | : | No. 1:20-cv-00585 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Carlson) |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, | : | |
|     Defendant | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On April 4, 2020, Plaintiff Damion Davis ("Plaintiff") filed a complaint against Defendant Commonwealth of Pennsylvania ("Defendant" or "Commonwealth") based upon allegations that Plaintiff was unjustly convicted of state drug offenses. (Doc. No. 1.) Plaintiff's complaint sought the assistance of the federal courts in connection with his state criminal case, as well as damages from the Commonwealth. (Id.) Plaintiff filed a motion for leave to proceed in forma pauperis (Doc. No. 2) along with his complaint.

By Report and Recommendation dated April 7, 2020 (Doc. No. 6), Magistrate Judge Carlson recommended that the lodged complaint be filed on the docket for screening purposes only and that the Court conditionally grant Plaintiff's motion for leave to proceed in forma pauperis. (Id.) However, pursuant to the Court's statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs given leave to proceed in forma pauperis, as well as to review pro se complaints filed by persons seeking redress against government officials, Magistrate Judge Carlson recommended dismissing Plaintiff's complaint as frivolous for failure to state a claim upon which relief may be granted. (Id.) The basis for Magistrate Judge Carlson's recommendation was his conclusion that Plaintiff's claims against the

Commonwealth were barred by multiple legal doctrines, including: (1) the Eleventh Amendment to the United States Constitution; (2) cases construing the civil rights statute (42 U.S.C. §1983) and finding that a state is not a "person" within the meaning of Section 1983; (3) the doctrine of Heck v. Humphrey, which bars malicious prosecution or false arrest claims based on a state case that resulted from a conviction, unless that conviction has been set aside or overturned; and (4) the Rooker-Feldman doctrine, which dictates that federal courts decline any invitation to conduct what amounts to an appellate review of state court judgments. (Id. at 7-13.) Accordingly, Magistrate Judge Carlson recommended that Plaintiff's complaint be dismissed as frivolous for failure to state a claim upon which relief may be granted; however, in accordance with applicable precedent dictating that, in civil rights cases, pro se plaintiffs should be given an opportunity to amend a complaint before it is dismissed in its entirety, Magistrate Judge Carlson recommended that the dismissal be without prejudice to Plaintiff's ability to file an amended complaint in accordance with federal pleading requirements. (Id. at 14-15.)

  Plaintiff did not file objections to Magistrate Judge Carlson's April 7, 2020 Report and Recommendation, which this Court adopted by Order dated April 27, 2020. (Doc. No. 8.) In that Order, the Court provided Plaintiff with thirty (30) days within which to file an amended complaint. (Id.) Nearly four (4) months later, after Plaintiff failed to file an amended complaint in accordance with this Court's April 27, 2020 Order, on August 31, 2020, Magistrate Judge Carlson issued the pending Report and Recommendation (Doc. No. 11), which recommends that, based upon Plaintiff's failure to amend his complaint, Plaintiff's wholly deficient complaint should be dismissed with prejudice as frivolous for failure to state a claim. (Id. at 3.)

In his Report and Recommendation, Magistrate Judge Carlson notes that Plaintiff's failure to file an amended complaint in accordance with the Court's April 27, 2020 Order provides a legally sufficient basis for dismissal of Plaintiff's complaint with prejudice. (Id.)[1] On September 17, 2020, the last day of the period within which to file objections to Magistrate Judge Carlson's pending Report and Recommendation, Plaintiff filed correspondence with the Court stating, among other things, that he did not receive this Court's Order directing him to file an amended complaint and implying that officials at York County Prison may have been tampering with his mail. (Doc. No. 12 at 1.) To the extent that Plaintiff's letter can be construed as an objection to the pending Report and Recommendation, the Court will overrule the objection and adopt the Report and Recommendation.

The Court notes that Plaintiff's submission indicates Plaintiff's clear awareness of the Court's directive that he file an amended complaint, even assuming that he did not receive a copy of this Court's April 27, 2020 Order directing him to do so. Presumably that awareness resulted from his receipt of the pending Report and Recommendation recommending that his failure to file an amended complaint result in a dismissal of his wholly deficient complaint with prejudice. However, rather than drafting and submitting an amended complaint as previously directed by the Court and in response to the pending Report and Recommendation, Plaintiff

---

[1] This Court notes that, while a district court must ordinarily balance the six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), when evaluating whether dismissal of an action under Federal Rule of Civil Procedure 41(b) for failure to prosecute is appropriate, the United States Court of Appeals for the Third Circuit acknowledged in several non-precedential opinions that application of the Poulis factors is unnecessary in circumstances where the plaintiff fails to file an amended complaint in accordance with a court order, as the "litigant's conduct makes adjudication of the case impossible." See Azubuko v. Bell Nat'l Org., 243 F. App'x 728, 729 (3d Cir. 2007); Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007) (upholding the dismissal of a pro se plaintiff's complaint with prejudice for failure to amend his complaint).

instead chose to file the correspondence referenced above.  Regardless of when Plaintiff received notice of this Court's Order dismissing his complaint and requiring him to file an amended complaint, by the time Plaintiff submitted his correspondence to the Court in response to the pending Report and Recommendation, Plaintiff clearly had notice of his obligation to file an amended complaint and chose not to do so.  The Court will not permit Plaintiff's failure to comply with the clear directive of the Court to delay and prolong the conclusion of this litigation, especially where, as here, multiple legal doctrines appear to bar the claims Plaintiff seeks to pursue in this action.[2]

**AND SO**, on this 13th day of October 2020, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** Magistrate Judge Carlson's Report and Recommendation (Doc. No. 11);

2. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**; and

3. The Clerk of Court is directed to **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[2] As noted above, applying the Third Circuit's reasoning in Azubuko and Pruden to this case, it would appear that a balancing of the Poulis factors is unnecessary here, where Plaintiff has not filed an amended complaint, thereby rendering any future adjudication of his claims impossible. Given that these Third Circuit cases are non-precedential, however, the Court will, out of an abundance of caution, assess the Poulis factors in connection with its determination that Plaintiff's complaint is subject to dismissal.  Applying the Poulis factors to the instant situation, the Court finds that they support dismissal of this action for failure to prosecute.  Specifically, the fifth factor – the effectiveness of alternative sanctions – cuts against Plaintiff and in favor of dismissal, as no viable alternative to dismissal exists given the absence of an operating pleading before the Court.  In addition, the sixth factor – the meritoriousness of the claim – also cuts in favor of dismissal because, as noted above, Plaintiff's claims appear to be barred by multiple legal doctrines.